# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REBECCA SOGARD,<br><br>Defendant. | Case No. CR10-3054<br><br>ORDER FOR PRETRIAL DETENTION |

On the 29th day of December 2010, this matter came on for hearing on the Government's motion for detention made at the Defendant's initial appearance before a judicial officer. The Government was represented by Assistant United States Attorney John H. Lammers. The Defendant appeared personally and was represented by her attorney, Mark C. Meyer.

## RELEVANT FACTS

On December 15, 2010, Defendant Rebecca Sogard was charged by Indictment (docket number 1) with conspiracy to distribute methamphetamine (Count 1) and possession with intent to distribute methamphetamine (Count 2). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on February 28, 2011.

Clear Lake Police Officer Ryan Eskildsen, assigned to the North Central Iowa Narcotics Task Force, testified regarding the circumstances underlying the instant charges. Defendant was identified as part of a conspiracy to distribute methamphetamine with David Neve. Law enforcement has investigated Defendant's involvement with drug trafficking and Neve. Specifically, law enforcement has obtained information dating to 2005 from

1

six to eight sources regarding Defendant's involvement with Neve, and her involvement in the purchase and sale of methamphetamine.

Law enforcement orchestrated two controlled buys of methamphetamine from Defendant. The first controlled buy occurred in 2007, and involved the hand-to-hand purchase of methamphetamine from Defendant by a confidential informant ("CI"). The second controlled buy involved an undercover agent and a CI who purchased methamphetamine from a third-party. The third-party stated that her source for the methamphetamine was Defendant. Following the controlled buy, law enforcement followed the third-party to Defendant's residence.

On December 30, 2008, Defendant was a passenger in a vehicle that was stopped by law enforcement. The vehicle was searched and Defendant was found in possession of three bags of methamphetamine. Law enforcement obtained a search warrant for Defendant's residence and, upon executing the search warrant, found 5 grams of methamphetamine in her residence.

On May 18, 2010, law enforcement executed another search warrant at Defendant's residence. Officers found methamphetamine in Defendant's purse. Officers also found a scale and packaging material for methamphetamine. Law enforcement later learned from a CI that they had missed 1 ounce of methamphetamine which was located in a first aid kit at Defendant's residence.

In October 2010, a CI met with Defendant. The CI was wired, and the conversation between the CI and Defendant was recorded. In the conversation, Defendant admitted selling methamphetamine for Neve.

Officer Eskildsen spoke with Defendant by telephone on December 21, 2010. He informed Defendant that a federal warrant had been issued for her arrest in this case. Defendant claimed that she was "down south" and needed to speak with her attorney before surrendering herself to law enforcement. Officers did not believe that Defendant was out of town, and obtained a search warrant for her residence. Eskildsen testified that upon executing the search warrant, it appeared that the officers had just missed her. The

officers found evidence that someone had been hiding in a crawl space in Defendant's residence. Defendant finally turned herself in six days later, on December 27, 2010.

According to the pretrial services report, Defendant is 48 years old. She is married, but does not reside with her husband. Instead, for the past few months, she has lived "off and on" with her daughter in Rockford, Iowa. In addition to her daughter in Rockford, Defendant has two other adult children. Defendant has lived in north central Iowa virtually all of her life.[1]

Defendant has not been employed since 2008. Prior to 2008, she worked at a hotel for about one year. She also worked at the Thirsty Dog Lounge for about one year in 2003 and 2004. Defendant also advised the pretrial services officer that she does independent work as a painter for various entities.

In August 2009, Defendant was involved in a car accident which caused injuries to her lumbar and cervical spine. She takes prescription medication for her back pain. Defendant reported no past or present mental health or emotional concerns. However, in 2009, she was diagnosed with post-traumatic stress disorder. Defendant has neither sought treatment for her condition, nor taken any mental health medications. Defendant reported to the pretrial services officer that she has used marijuana and methamphetamine in the past, but declined to further discuss her substance abuse history. Records from the Iowa Department of Correctional Services show that Defendant underwent substance abuse evaluations in 2004, 2005, and 2006. She also completed an outpatient substance abuse treatment program between August 2006 and November 2007.

Defendant has an extensive criminal record. In 1991, Defendant was charged and later convicted of a felony controlled substance crime in Minnesota. On July 15, 1992, while the 1991 charge was pending, Defendant was charged with another felony controlled substance crime in Minnesota. She was charged with the same crime a third time on the following day. On July 11, 1994, she was sentenced to 5 years probation on the first and

---

[1] In addition to living in Iowa, Defendant lived in Worthington, Minnesota, from 1972 to 1979. She also lived in Republican City, Nebraska, for about one year (1996-1997).

third charges, with the second charge dismissed. She was discharged from probation on September 8, 1997.

On February 18, 1998, Defendant was charged in Iowa, with the crime of dog at large. Defendant failed to appear for her initial appearance. A warrant was issued for her arrest. The warrant was served. The charge was eventually dismissed.

On December 31, 1999, Defendant was charged and later convicted of driving with a suspended license. In May 2000 and April 2001, Defendant was charged with possession of marijuana. Both charges were later dismissed. On October 24, 2001, Defendant was charged twice on the same day with driving with a denied, suspended, cancelled, or revoked license. One charge was dismissed. On the other charge, Defendant was sentenced to 6 days in jail, which were suspended, and 1 year probation. Her probation was discharged on January 23, 2003.

On June 30, 2002, while on probation, Defendant was charged with burglary in the first degree. She was later convicted of third degree burglary and sentenced to 5 years in prison, which were suspended, and 3 years probation.

On July 13, 2002, while the third degree burglary charge was pending, Defendant was charged with possession of marijuana and possession of drug paraphernalia. The possession of marijuana charge was dismissed. Defendant was ordered to pay a $100 fine on the possession of drug paraphernalia charge.

On October 5, 2004, while on probation for the third degree burglary charge, Defendant was charged and later convicted of fifth degree theft. On June 22, 2005, while on probation for the third degree burglary charge, Defendant was charged and later convicted of possession of methamphetamine.

On March 27, 2006, Defendant was found in contempt of court on the June 2002 third degree burglary charge. Defendant was found in contempt because she failed to provide urine samples as required, provided urine samples that tested positive for methamphetamine, purchased and consumed alcohol, which she was prohibited from doing, and was arrested on the 2004 fifth degree theft charge. Defendant was sentenced

to 7 days in jail, and her probation was extended 2 years. She was discharged from probation on October 6, 2008.

On May 15, 2006, Defendant failed to appear for a plea hearing on the 2005 possession of methamphetamine charge. A warrant for Defendant's arrest was issued. The warrant was later recalled. Defendant was sentenced to 30 days in jail, which were suspended, and 1 year probation. On December 4, 2006, Defendant was found in contempt of court. The contempt finding was based on Defendant's failure to report to her probation officer as ordered and providing a urine sample that tested positive for methamphetamine. Defendant was sentenced to 3 days in jail. Her probation terminated on July 9, 2007.

On November 14, 2006, while on probation for the 2002 third degree burglary charge and the 2005 possession of methamphetamine charge, Defendant was charged and later convicted of operating a motor vehicle without a valid license. Defendant failed to appear for trial and an arrest warrant was issued, and later served. Defendant was ordered to pay a $100 fine.

On May 18, 2007, while on probation for the 2002 third degree burglary charge and the 2005 possession of methamphetamine charge, Defendant was charged and later convicted of possession of an unlabeled drug.

On December 30, 2008, Defendant was charged and later convicted of possession of a controlled substance, second offense. She was sentenced to 14 days in jail, which were suspended, and 1 year probation. Her probation was revoked on September 28, 2010, and she was sentenced to 14 days in jail.

On September 16, 2009, while on probation for the 2008 possession of controlled substance charge and on pretrial release for a 2009 fourth degree theft charge,[2] Defendant was charged and later convicted of possession of drug paraphernalia.

---

[2] On August 28, 2009, Defendant was charged with fourth degree theft. The charge was dismissed on September 7, 2010.

On November 27, 2009, while on probation for the 2008 possession of controlled substance charge, and on pretrial release for the 2009 fourth degree theft charge and 2009 possession of drug paraphernalia charge, Defendant was charged and later convicted of possession of methamphetamine, second offense. Defendant was sentenced to 2 years in prison, which were suspended, and 2 years probation.

On May 18, 2010, while on probation and on pretrial release on various charges, Defendant was charged with two counts of possession of a controlled substance. On the same date, Defendant was charged with possession of drug paraphernalia. All three charges remain pending in state court.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving

minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. The weight of the evidence against Defendant on the conspiracy to distribute methamphetamine charge is strong.[3] Defendant was involved in two controlled buys involving the purchase of methamphetamine by confidential informants. One of the buys involved an undercover law enforcement officer. Defendant was found in possession of methamphetamine on multiple occasions. Methamphetamine was also found in Defendant's residence on multiple occasions. Additionally, law enforcement recently

---

[3] At the hearing, no evidence was presented regarding Count 2 of the Indictment (possession of methamphetamine with the intent to distribute). Therefore, the Court is unable to determine the weight of the evidence on that charge.

recorded a conversation between Defendant and a confidential informant, where Defendant admits to being part of a conspiracy to distribute methamphetamine with David Neve. Defendant has multiple convictions for drug possession. Defendant has repeatedly violated probation. Specifically, she continued to use drugs while on probation, failed to provide urine samples to her probation officer, failed to meet with her probation officer, and committed multiple offenses while on probation. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if she were released. Based on the serious nature and circumstances of the offense, including a 20-year mandatory prison term if Defendant is convicted, and the rebuttable presumption in favor of detention, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of her right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (December 27, 2010) to the filing of this Ruling (December 29, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 29th day of December, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA